1  SEMNAR & HARTMAN, LLP
   Babak Semnar, Esq. (#224890)
2  bob@semnarlawfirm.com
   Jared M. Hartman, Esq. (#254860)
3  jaredhartman@jmhattorney.com
   400 S. Melrose Drive, Suite 209
4  Vista, CA 92081
   Telephone: (951) 293-4187; Fax: (888) 819-8230
5
   Attorneys for Plaintiff, MARCELLO CARPINELLI
6

7  **U.S. DISTRICT COURT**
   **CENTRAL DISTRICT OF CALIFORNIA—EASTERN DIVISION**

8

| MARCELLO CARPINELLI, an individual, | Case No.: |
|---|---|
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:** |
| v. | 1. **FEDERAL FAIR DEBT COLLECTION PRACTICES ACT** |
| ASSET ACCEPTANCE, LLC; FULTON, FRIEDMAN, & GULLACE, LLP; and DOES 1-10, | 2. **CALIFORNIA ROSENTHAL ACT** |
| Defendants. | |

   Plaintiff, MARCELLO CARPINELLI, an individual, by and through his attorneys of record, hereby complains and alleges as follows:

**INTRODUCTION**

1. Plaintiff, by and through his attorneys of record, brings this action to secure redress from unlawful debt collection practices engaged in by Defendant ASSET ACCEPTANCE, LLC (hereinafter "Defendant ASSET") and Defendant FULTON,

FRIEDMAN, & GULLACE, LLP (hereinafter "Defendant FULTON") in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p (hereinafter "FDCPA"), and the State of California Rosenthal Act, Calif. Civ. Code §§ 1788-1788.32 (hereinafter "Rosenthal Act").

1. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.
>
> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

2. In 15 U.S.C. § 1692(a)-(e), the U.S. Legislature made the following findings and purpose in creating the FDCPA:

> Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

///

///

Inadequacy of laws. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

Available non-abusive collection methods. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

Interstate commerce. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

Purposes. It is the purpose of this title [15 USCS §§ 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

4. This action arises out of Defendant FULTON's violations of the Federal FDCPA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 15 U.S.C. § 1681p; and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) as it pertains to the State of California Causes of Action.

5. Because Defendant FULTON conducts business within the State of California by filing lawsuits within the Superior Courts of the State of California against California residents, and maintains an office at 2151 Salvio Street, Suite W, in the City of Concord, State of California, personal jurisdiction is established.

6. Defendant ASSET is a limited liability company from the State of

3
**COMPLAINT**

1 Michigan, but conducts business within the State of California by appearing as a party
2 on lawsuits filed on its behalf within the Superior Courts of the State of California
3 against California residents and maintains an agent for service of process within the
4 State of California, and therefore personal jurisdiction is established.

5     7.    Venue in this District is proper pursuant to 28 U.S.C. § 1391 for the
6 following reasons: (i) Plaintiff resides in the County of Riverside, State of California,
7 which is within this judicial district; (ii) the conduct complained of herein occurred
8 within this judicial district; and, (iii) Defendant conducted business within this judicial
9 district at all times relevant.

## PARTIES & DEFINITIONS

11     8.    Plaintiff, as a natural whose money was seized by Defendants as
12 satisfaction for his father's consumer debt allegedly owed to Defendants, which was
13 alleged to have been due and owing, is therefore both a "consumer" as that term is
14 defined by 15 U.S.C. § 1692a(3) of the FDCPA, and is also therefore a "debtor" as that
15 term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

16     9.    Defendant FULTON filed a lawsuit against Plaintiff's father on behalf of
17 Defendant ASSET that Plaintiff is informed and believes originated from a line of
18 credit granted by Defendant ASSET that Plaintiff utilized for personal living expenses,
19 and Plaintiff is therefore informed and believes that the money alleged to have been
20 owed to Defendants originated from monetary credit that was extended primarily for
21 personal, family, or household purposes, and is therefore a "debt" as that term is

defined by 15 U.S.C. § 1692a(5) of the FDCPA and Calif. Civil Code § 1788.2(d) of the Rosenthal Act.

10. Upon information and belief, Defendant was attempting to collect on a debt that originated from a line of credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2(e) of the Rosenthal Act.

11. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

12. Plaintiff is informed and believes that Defendants FULTON and ASSET utilize the instrumentalities of interstate commerce and the mails in a business for which the principal purpose is the collection of any debts, and they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and are therefore "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA and Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and they thereby engage in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act, and are also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

**FACTUAL ALLEGATIONS**

13. Upon information and belief, at all times relevant herein, Defendant

FULTON was acting on behalf of, at the direction of, and in association with Defendant ASSET, and therefore Defendant ASSET is liable for violations committed by Defendant FULTON through vicarious liability.

14. Moreover, an debt collection law firm's violations of the FDCPA arising out of its representation of debt collection client are imputed as vicarious liability to the debt collection client. *See Fox v. Citicorp Credit Services (9th Cir. 1993) 15 F.3d 1507, 1516* ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken").

15. Upon information and belief, Defendant FULTON—acting on behalf of, at the direction of, and in association with Defendant ASSET—filed a lawsuit against Plaintiff's father in the Superior Court for the County of Riverside, State of California on August 1, 2012 under case number RIC1211914.

16. Upon information and belief, the lawsuit filed by Defendant FULTON against Plaintiff's father was based upon a line of personal credit that had been issued to Plaintiff's father for personal living expenses.

17. Upon information and belief, Defendants obtained a default judgment against Plaintiff's father on December 7, 2012.

18. Upon information and belief, Defendant FULTON—acting on behalf of, at the direction of, and in association with Defendant ASSET—issued a levy for $47,161.15 on or about January 17, 2014 upon two bank accounts that were issued in the name of Plaintiff and his father jointly.

19. As a result, on January 7, 2014, Defendant FULTON—acting on behalf of, at the direction of, and in association with Defendant ASSET—seized $379.00 out of one joint bank account and $643.00 out of the other joint bank account (for a total of $1,022.00), and the bank also seized a non-refundable processing fee of $125.00.

20. Plaintiff receives social security disability and ***the only funds in this joint bank account consisted of Plaintiff's social security disability check deposits***, and ***absolutely no other funds have ever been deposited into this joint bank account other than Plaintiff's social security disability funds***.

21. Consequently, on January 7, 2014, Plaintiff lost a total of $1,147.00 of his social security money that was intended to be used to pay for college tuition and books.

22. The only reason Plaintiff's father's name was on this account is because Plaintiff was a minor at the time it was opened and Plaintiff needed his father as an adult to have his name on the account for management and administrative purposes.

23. When Defendant FULTON—acting on behalf of, at the direction of, and in association with Defendant ASSET—seized funds out of this joint bank account on January 7, 2014, they actually had seized Plaintiff's social security funds and not any funds that belonged to the intended target of their levy.

24. Upon information and belief, Defendant FULTON—acting on behalf of, at the direction of, and in association with Defendant ASSET—completely failed to undertake any investigation whatsoever as to the joint account to which they attached their levy and seized Plaintiff's funds therefrom.

1      25.    By letter dated March 31, 2014, Plaintiff's attorney delivered a letter to Defendant FULTON advising them of the fact that they had seized Plaintiff's social security funds, and specifically referenced the relevant "Levy Officer File Number" and Superior Court case number, and requested that either the money be returned or that Defendant FULTON provide documentation and legal support justifying their seizure and retention of Plaintiff's social security funds.

26.    To date, Defendant FULTON has failed to contact Plaintiff's attorney in any manner, and has failed to return Plaintiff's social security funds.

27.    Pursuant to 42 U.S.C.S. § 407(a), absolutely no moneys paid or payable under the Social Security Act shall be subject to execution, levy, attachment, garnishment, or other legal process.

28.    This protection of social security funds is so strong that not even states are permitted to attach social security funds as reimbursement for state welfare assistance payments. *Bennett v. Arksansas* (1988) 485 U.S. 395; 108 S. Ct. 1204.

29.    As a result of Defendants' seizure and failure to return Plaintiff's social security funds, Plaintiff suffered mental anguish over the fact that he worried he would not be able to fund his schooling and pay for living expenses upon enrolling in college courses, which caused him anxiety, nervousness, anger, humiliation, and loss of sleep, and also caused him to distrust his father's ability to oversee and manage the joint bank account.

30.    At all times during the aforementioned actions, there was in full force and

effect the following obligation upon debt collectors by the Federal FDCPA, pursuant to 15 U.S.C. § 1692d:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

31. At all times during the aforementioned actions, there was in full force and effect the following obligation upon debt collectors by the Federal FDCPA, pursuant to 15 U.S.C. § 1692f:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

32. At all times during the aforementioned actions, there was in full force and effect the following obligation for a debt collector in connection with the collection of any debt, pertaining to pursuant to California Civil Code § 1788.17 of the Rosenthal Act, requiring all debt collectors to be responsible for and liable for all requirements contained with the Federal FDCPA, exceptions of which are not applicable:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001.

///

///

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF FDCPA)
### (As against both Defendants)
### 15 U.S.C. §§ 1692-1692p

33. Plaintiff repeats, re-alleges, and incorporates by reference the above paragraphs, as though set forth fully herein.

34. By attaching a levy to the joint bank account without undertaking any investigation as to the funds therein, and subsequently seizing $1,147.00 of Plaintiff's social security funds and failing to return it upon request of Plaintiff's attorney in March of 2014, Defendants therefore acted with unfairness, unconscionable means, oppression, and abuse towards Plaintiff, and therefore violated 15 U.S.C. §§ 1692d & 1692f of the FDCPA.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF ROSENTHAL ACT)
### (As against both Defendants)
### CAL. CIV. CODE §§ 1788-1788.32

35. Plaintiff re-alleges and incorporates by reference the above paragraphs, as though set forth fully herein.

36. By violating 15 U.S.C. §§ 1692d & 1692f of the FDCPA, Defendants have also therefore necessarily violated the Rosenthal Act, as those FDCPA violations have been incorporated into the Rosenthal Act by way of Calif. Civil Code § 1788.17.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each and every

Defendant and Plaintiff be awarded damages from each and every Defendant jointly and severally as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) of the FDCPA;
- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) of the FDCPA;
- An award of actual damages pursuant to California Civil Code § 1788.30(a) of the Rosenthal Act, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code § 1788.32;
- An additional award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) of the Rosenthal Act, which are cumulative and in addition to all other remedies pursuant to California Civil Code § 1788.32;
- An additional award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) of the FDCPA, as incorporated into the Rosenthal Act by way of Calif. Civ. Code §1788.17, which are cumulative and in addition to all other remedies pursuant to California Civil Code § 1788.32;
- An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.30(c) of the Rosenthal Act;

1      •     Punitive damages, to be determined at trial, for the sake of example and punishing Defendants for their malicious conduct, pursuant to Calif. Civ. Code § 3294(a), (c)(1).

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 11, 2014          Respectfully submitted,

                                          SEMNAR & HARTMAN, LLP

                            By:    /s/ Jared M Hartman_____
                                      Jared M. Hartman, Esq.
                                      Attorney for Plaintiff